# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | |
| Plaintiff, | Case No. 26-CV-923-JPS |
| v. | |
| JOHN DOE a/k/a SUBSCRIBER ASSIGNED IP ADDRESS 68.114.209.3, | **ORDER** |
| Defendant. | |

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") owns adult motion pictures that it distributes through paid subscription-based websites, licenses to broadcasters, or sells on DVDs. ECF No. 1 at 3. Using its infringement detection system, VXN Scan, Plaintiff learned that Defendant John Doe a/k/a Subscriber Assigned IP Address 68.114.209.3 ("John Doe") downloaded and distributed Plaintiff's copyrighted adult motion pictures using BitTorrent without Plaintiff's authorization. *Id.* at 4–5. Plaintiff claims that John Doe has been recorded infringing 29 of its adult motion pictures over an extended period of time. *Id.* at 2. Plaintiff does not know John Doe's identity and only learned their IP address using geolocation technology, which also traced John Doe's IP address to this District. *Id.* Plaintiff asserts that John Doe's Internet Service Provider ("ISP"), Spectrum, can identify John Doe through their IP address. *Id.*

Before the Court is Plaintiff's motion for leave to serve a third-party subpoena on Spectrum in order to learn John Doe's identity, investigate John Doe's role in the infringement, and effectuate service. ECF No. 5. Plaintiff so moves due to the Federal Rules of Civil Procedure's express

prohibition of "seek[ing] discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized . . . by court order." FED. R. CIV. P. 26(d)(1); ECF No. 6 at 4.

The prevailing view in this Circuit is that the movant must demonstrate "good cause for the request." *Kohler Co. v. Nulka Grp. Storefront on www.amazon.com*, No. 23-CV-0372-BHL, 2023 WL 2919831, at *1 (E.D. Wis. Mar. 23, 2023) (quoting *Dallas Buyers Club, LLC v. Does 1-26*, No. 14-C-360, 2014 WL 1612251, at *1 (E.D. Wis. Apr. 22, 2014)); *see also Wuluvarana v. Does*, No. 22-CV-982-PP, 2023 WL 183874, at *3 (E.D. Wis. Jan. 13, 2023) (same) (collecting cases). To assess whether the movant has shown good cause, courts "generally evaluate 'the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Kohler Co.*, 2023 WL 2919831, at *1 (quoting *Dallas Buyers Club, LLC*, 2014 WL 1612251, at *1). Factors pertinent to the analysis include

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, . . . (2) the specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) the need for the subpoenaed information to advance the claim, . . . and (5) the objecting party's expectation of privacy.

*Malibu Media, LLC v. Doe*, No. 18 C 5792, 2019 WL 7876473, at *2 (N.D. Ill. Jan. 2, 2019) (quoting *Arista Records, LLC v. Doe* 3, 604 F.3d 110, 119 (2d Cir. 2010)).

In this case, Plaintiff has shown good cause for its request. As to the first factor, "[i]n order to state a claim for copyright infringement, a plaintiff must plausibly allege that: (1) the plaintiff owns a valid copyright; and (2) the defendant copied 'constituent elements of the work that are original.'" *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 923 (N.D. Ill. 2013) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,

499 U.S. 340, 361 (1991)). Plaintiff claims that it owns the adult motion pictures at issue and that John Doe downloaded and distributed them without Plaintiff's authorization. *See generally* ECF No. 1. This states a prima facie claim for copyright infringement. *See Malibu Media, LLC v. Doe*, No. 14-CV-0932, 2015 WL 2451926, at \*2 (E.D. Wis. May 21, 2015) (allegations that subscriber illegally downloaded and distributed copyrighted materials sufficient at pleadings stage).

Plaintiff represents that the subpoena will be limited and will seek only "concrete and narrow information: the name and address of the subscriber associated with [Doe Defendant's] IP address." ECF No. 6 at 7 (quoting *John Wiley & Sons, Inc. v. John Doe Nos. 1–30*, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)). Plaintiff also asserts that there is no other method to obtain this information and that it is necessary to move the litigation forward. *Id.* at 7–8. The Court agrees. *See Kohler Co.*, 2023 WL 2919831, at \*2 (granting motion to serve subpoena prior to Rule 26(f) conference because "[t]his case cannot move forward unless the defendants' true identities are ascertained, and a subpoena appears to be the only means by which this might be accomplished."); *see also Pac. Century Int'l, Ltd. v. Does 1–37*, 282 F.R.D. 189, 192 (N.D. Ill. 2012) (explaining ubiquity of serving subpoena on ISPs "to obtain the identifying information" for IP addresses).

Turning to the final factor, John Doe's privacy interest is "minimal at best." *Sunlust Pictures, LLC v. Does 1–75*, No. 12 C 1546, 2012 WL 3717768, at \*2 (N.D. Ill. Aug. 27, 2012) (quoting *Malibu Media, LLC v. Does 1–25*, No. 12–362, 2012 WL 2367555, \*2 (S.D. Cal. June 21, 2012)). "[B]ecause internet subscribers must convey their identity and other information to an ISP in order to establish an account, they do 'not have a reasonable expectation of privacy in their subscriber information.'" *Hard Drive Prods. v. Does 1–48*, No. 11 CV 9062, 2012 WL 2196038, at \*4 (N.D. Ill. June 14, 2012) (quoting *First*

*Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 249 (N.D. Ill. 2011) and *Boy Racer, Inc. v. John Does 1–34*, No. 11-23035, at *4 (S.D. Fla. May 1, 2012)); *see also Malibu Media, LLC*, 2019 WL 7876473, at *1 n.1 ("[T]he . . . privacy interest inherent in linking Doe's IP address to his personal identity [is] . . . minimal, seeing that the subscriber already disclosed this information to the ISP.") (citing *Venice PI, LLC v. Doe 1*, No. 2:17-CV-285-JVB-JEM, 2018 WL 1566813, at *2 (N.D. Ind. Mar. 30, 2018); *Arista Records, LLC*, 604 F.3d at 118; and *United States v. Perrine*, 518 F.3d 1196, 1204–05 (10th Cir. 2008)). Nor would the subpoena violate John Doe's First Amendment right to free speech, which "argument is routinely advanced in cases similar to this one, and . . . has consistently been rejected." *First Time Videos, LLC v. Does 1–76*, 276 F.R.D. 254, 256 (N.D. Ill. 2011) (collecting cases). Therefore, Plaintiff's motion will be granted as to Spectrum on the terms set forth herein.

Accordingly,

**IT IS ORDERED** that Plaintiff Strike 3 Holdings, LLC's motion for leave to serve a third-party subpoena prior to a Federal Rule of Civil Procedure 26(f) conference, ECF No. 5, be and the same is hereby **GRANTED** as to the third party and on the terms set forth herein; and

**IT IS FURTHER ORDERED** that Plaintiff Strike 3 Holdings, LLC **FILE** a report as to the status of service of the subpoena within **forty-five (45) days** of this Order.

Dated at Milwaukee, Wisconsin, this 25th day of June, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge